IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCO ANGELE HENDRICKSON, #202400637, PLAINTIFF, | § § § § |
| v. | §   CASE NO. 3:24-CV-2493-E-BK |
| MERRICK GARLAND, ET AL., DEFENDANTS. | § § § § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **STAYED** pending the resolution of the federal criminal proceeding pending against Plaintiff.

**I. BACKGROUND**

On October 3, 2024, Plaintiff Marco Angele Hendrickson, a federal pretrial detainee at the Johnson County Jail, filed a complaint against U.S. Attorney General Merrick Garland and ATF Director Steven Dettelbach. Doc. 3 at 1. His claims arise out of the federal criminal prosecution in case number 3:23-CR-418-E, pending in this Court. On August 7, 2024, a jury found Hendrickson guilty of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Doc. 136.[1] The Court scheduled sentencing for January 7, 2025,

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Hendrickson*, No. 3:23-cr-00418-E-1. And all "Doc." citations refer to this civil case.

and denied Hendrickson's motions for judgment of acquittal and a new trial. Crim. Doc. 134; Crim. Doc. 148. On September 30, 2024, Hendrickson moved to reconsider the order denying his motion to dismiss the indictment. Crim. Doc. 152.

By the instant civil complaint, Hendrickson seek declaratory relief and an injunction to enjoin "the enforcement of § 922(g)(1) against him because it unlawfully infringes upon his constitutional rights guaranteed under the Second Amendment." Doc. 3 at 1. He asserts that "§ 922(g)(1) is unconstitutional as applied to [him] because it unlawfully infringes upon his right to keep and bear arms . . . ." Doc. 3 at 1-2.

Upon review, the Court concludes that this action should be stayed pending the final resolution of Hendrickson's federal criminal case.[2]

**II. ANALYSIS**

Hendrickson's attacks the validity of the federal charge in his related criminal case. His claim may thus be barred by the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994). "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87). Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487.

---

[2] Hendrickson did not pay the filing fee or move to proceed *in forma pauperis*. Because the case should be stayed, the Court need not require compliance with the Court's filing requirements.

Here, a favorable judgment in this case would necessarily cast doubt on the validity of Hendrickson's conviction in case number 3:23-CR-418-E, which, as Hendrickson is awaiting sentencing, is not yet final. It is premature to consider whether *Heck* bars Hendrickson's claims because his criminal case is still pending. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (any claim related to rulings likely to be made in a pending criminal trial should be stayed until the criminal case has ended). Simply stated, "[i]f a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved." *Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (per curiam) (citing *Wallace*, 549 U.S. at 393-94)); *see also Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018).

### III. CONCLUSION

For all these reasons, this action should be **STAYED** and **ADMINISTRATIVELY CLOSED** pending the final resolution of Hendrickson's this Court's case number 3:23-CR-418-E. Hendrickson should also be ordered to file a "motion to reinstate this case," if he subsequently chooses to proceed with this action, within 30 days from the date the federal criminal case is completed, and advised that his failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a Court order.

**SO RECOMMENDED** on October 10, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).